IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS McCRODEN,

    Plaintiff,

v.                                      CASE NO.:  6:14-cv-01139-GKS-KRS

COUNTY OF VOLUSIA, JOEL V.
BRESSETT and DENNIS D. PAINTER,

    Defendants.
_____/

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, THOMAS McCRODEN, by and through his undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 15(a)(2) and Defendants' written consent to Plaintiff filing an Amended Complaint (Doc. 25), and files his First Amended Complaint against the Defendants, COUNTY OF VOLUSIA, JOEL V. BRESSETT and DENNIS D. PAINTER, and alleges:

## **JURISDICTION**

1.    This is an action seeking money damages in excess of Fifteen Thousand Dollars ($15,000) exclusive of interest, attorney's fees and costs.

2.    Plaintiff THOMAS McCRODEN's claims are made pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a), and further invokes the jurisdiction of the United States District Court pursuant

1

to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Plaintiff, THOMAS McCRODEN, is, and at all times material hereto was, a resident of Ormond Beach, Volusia County, Florida.

4. Defendant, COUNTY OF VOLUSIA, is a subdivision of the State of Florida, with the capacity to sue and be sued. It is the legal and political entity responsible for the actions of the VOLUSIA COUNTY DIVISION OF CORRECTIONS ("DOC"), which is a division of, and the law enforcement agency for, the County Of Volusia, which operates the Volusia County Branch Jail ("VCBJ"). In this cause, the COUNTY OF VOLUSIA acted through its officers, agents and employees, including Defendants JOEL V. BRESSET and DENNIS D. PAINTER, among others. At all times relevant herein, the officers, employees and agents of DOC and the COUNTY OF VOLUSIA were acting under the color of state law and pursuant to official policy, practice, and/or custom.

5. At all times material hereto, Defendant, JOEL V. BRESSETT, was employed by the DOC as an Officer, was acting under the direction and control of Defendant, COUNTY OF VOLUSIA, in such capacity as an agent, servant and employee of Defendant, COUNTY OF VOLUSIA, and the DOC, is a resident in or conducts business in Volusia County, Florida, and is being sued in his individual capacity.

6. At all times material hereto, Defendant, DENNIS D. PAINTER, was employed by the DOC as an Officer, was acting under the direction and control of Defendant, COUNTY OF VOLUSIA, in such capacity as an agent, servant and employee of Defendant, COUNTY OF VOLUSIA, and the DOC, is a resident in or conducts

business in Volusia County, Florida, and is being sued in his individual capacity.

7. All events giving rise to this Complaint occurred in Volusia County, Florida.

8. All acts complained of were committed in Volusia County by the COUNTY OF VOLUSIA's agents, servants or employees who were acting within the course and scope of their agency, service or employment and who had the actual or apparent authority to direct or commit the acts complained of herein.

9. Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant, COUNTY OF VOLUSIA, of his claims prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with §768.28(6)(a), including providing notice and service to the Florida Department of Financial Services.

10. All conditions precedent to the filing of this action have occurred, accrued or have been waived as a matter of law.

## GENERAL ALLEGATIONS

11. On or about July 2, 2010, Plaintiff stood 6'4" tall and weighed approximately 270 lbs.

12. On July 1, 2010, around 10:30 p.m., Plaintiff threw a piece of concrete through a glass door at a convenience store, entered the store, took two (2) bottles of wine and rode his bicycle home. Almost immediately thereafter the Ormond Beach Police Department responded to Plaintiff's home where he surrendered without incident. Plaintiff was arrested and charged with petit theft, criminal mischief and burglary of an unoccupied structure. While Plaintiff had suffered superficial cuts to his hand, calf and

3

inner thigh, he declined medical treatment.

13. Plaintiff was driven to the Ormond Beach Police Department where he was processed, booked and placed in a holding cell, and then transported to the VCBJ without incident.

14. Upon Plaintiff's arrival at the VCBJ, Plaintiff was taken to the "intake hall," where he was required to stand in an approximately two feet by three feet marked space while Defendants BRESSETT and PAINTER questioned Plaintiff and examined the cuts to Plaintiff's hand, calf and inner thigh.

15. While Plaintiff was being examined he remained entirely within the designated two by three feet area and cooperated with the Defendants by turning to various positions and raising his arms, legs and shorts as directed to allow the Defendants to examine him.

16. After complying with all of Defendants' instructions, a medical assistant began again asking Plaintiff where his cuts came from.

17. At no time did Plaintiff leave or attempt to leave the designated two by three feet area he was told to stand in.

18. At no time did Plaintiff verbally or physically threaten Defendants or the medical assistant.

19. At approximately 2 a.m. on July 2, 2010, Defendant BRESSETT placed his hand on Plaintiff's chest as if to suggest Plaintiff take a step back. Plaintiff complied by stepping back against the wall behind him. Defendants BRESSETT and PAINTER each then grabbed Plaintiff by an arm, BRESSETT locked out Plaintiff's left arm to initiate a

straight arm-bar takedown as PAINTER twisted Plaintiff's right arm behind his back, they then tripped Plaintiff over BRESSETT's leg and slammed Plaintiff onto the concrete floor face first. Plaintiff could not use his arms to break or deflect impacting the concrete floor. Plaintiff landed on his left hip with BRESSETT and PAINTER landing on top of him. The impact shattered Plaintiff's left hip.

20. Once Plaintiff was on the ground, Defendants BRESSETT and PAINTER laid on top of Plaintiff's body while they applied restraints to his wrists and ankles.

21. Defendants BRESSETT and PAINTER, with the assistance of other DOC personnel in the area, then lifted Plaintiff to his feet, dragged him to a Pro-Straint chair, strapped him into the Pro-Straint chair and left him facing a wall.

22. Plaintiff told Defendants BRESSETT and PAINTER, along with all the other DOC personnel in the area, they had broken his hip and he was in excruciating pain.

23. No medical assistance was provided by Defendants BRESSETT and PAINTER or any of the other DOC personnel in the area. Instead they taunted Plaintiff by calling him names.

24. Plaintiff fainted from the excruciating pain he suffered when no medical treatment was provided.

**COUNT I – VIOLATION OF 42 U.S.C. § 1983**
**(EXCESSIVE FORCE - DEFENDANT BRESSETT)**

25. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for violation of Plaintiff's civil rights under 42 U.S.C. §

1983 against Defendant BRESSETT, and for damages.

27. Plaintiff has the right under the United States Constitution and the Constitution of the State of Florida to be free from use of excessive force and battery.

28. On or about July 2, 2010, Defendant, BRESSETT, under color of law and as an employee of DOC, violated Plaintiff's well established constitutional right to be free from excessive force in violation of 42 U.S.C. § 1983 when he slammed Plaintiff onto a concrete floor as described herein causing Plaintiff physical and emotional pain and suffering.

29. BRESSETT's use of excessive force in slamming Plaintiff onto the concrete floor was objectively unreasonable, with greater force than reasonable and/or necessary, malicious in purpose, and a display of wanton and willful disregard for the rights and safety of Plaintiff. No reasonable person in BRESSETT's position could have thought that the facts were such that justified BRESSETT's actions. BRESSETT's actions were wrongful, illegal and cannot be accepted in a civilized society.

30. Defendant BRESSETT took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and Plaintiff's rights. BRESSETT's acts violated Plaintiff's clearly established constitutional rights, rights of which every reasonable member of the public or governmental entity should have known.

31. Defendant BRESSETT knew that his actions would deprive Plaintiff of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

32. As a direct result of BRESSETT's actions, Plaintiff has suffered damages, which include physical pain, suffering, inconvenience, discomfort and disability, medical care, treatment and expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and loss of capacity to enjoy life - in the past and continuing into the future, wage loss and diminished earning capacity.

33. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant BRESSETT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, Plaintiff, THOMAS McCRODEN, respectfully requests this Court enter judgment against Defendant JOEL V. BRESSETT, in his individual capacity, for compensatory damages, special damages, attorneys' fees, costs and such other and further relief as this Court deems just and proper and demands trial by jury of all issues triable as a matter of right by jury.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983
### (EXCESSIVE FORCE - DEFENDANT PAINTER)

34. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

35. This is an action for violation of Plaintiff's civil rights under 42 U.S.C. § 1983 against Defendant BRESSETT, and for damages.

36. Plaintiff has the right under the United States Constitution and the Constitution of the State of Florida to be free from use of excessive force and battery.

37. On or about July 2, 2010, Defendant PAINTER, under color of law and as

an employee of DOC, violated Plaintiff's well established constitutional right to be free from excessive force in violation of 42 U.S.C. § 1983 when he slammed Plaintiff onto a concrete floor as described herein causing Plaintiff physical and emotional pain and suffering.

38. PAINTER's use of excessive force in slamming Plaintiff onto the concrete floor was objectively unreasonable, with greater force than reasonable and/or necessary, malicious in purpose, and a display of wanton and willful disregard for the rights and safety of Plaintiff. No reasonable person in PAINTER's position could have thought that the facts were such that justified PAINTER's actions. PAINTER's actions were wrongful, illegal and cannot be accepted in a civilized society.

39. Defendant PAINTER took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff. PAINTER's acts violated Plaintiff's clearly established constitutional rights, rights of which every reasonable member of the public or governmental entity should have known.

40. Defendant PAINTER knew that his actions would deprive Plaintiff of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

41. As a direct result of PAINTER's actions, Plaintiff has suffered damages, which include physical pain, suffering, inconvenience, discomfort and disability, medical care, treatment and expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and loss of capacity to enjoy life - in the past and continuing into the

future, wage loss and diminished earning capacity.

42. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant PAINTER a reasonable fee for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, Plaintiff, THOMAS McCRODEN, respectfully requests this Court enter judgment against Defendant DENNIS D. PAINTER, in his individual capacity, for compensatory damages, special damages, attorneys' fees, costs and such other and further relief as this Court deems just and proper and demands trial by jury of all issues triable as a matter of right by jury.

### COUNT III – BATTERY/UNNECESSARY USE OF FORCE
### (DEFENDANT COUNTY OF VOLUSIA)

43. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

44. The conduct of Defendants BRESSETT and PAINTER towards Plaintiff, as more fully set forth above, constitutes battery and the unnecessary use of force.

45. The amount of force used by Defendants BRESSETT and PAINTER against Plaintiff was unreasonable and unnecessary for Defendants BRESSETT and PAINTER to defend themselves, or any other person, from bodily harm during the examination of Plaintiff at the VCBJ intake hall.

46. The unreasonable and unnecessary use of force by Defendants BRESSETT and PAINTER was excessive and objectively unreasonable under the circumstances, and resulted, as BRESSETT and PAINTER reasonably should have foreseen, in a harmful

9

and offensive contact of Plaintiff against his will.

47. The battery/unnecessary force by Defendants BRESSETT and PAINTER against Plaintiff occurred during the course and scope of their employment as DOC officers for Defendant COUNTY OF VOLUSIA.

48. As a direct and proximate result of the conduct of Defendant COUNTY OF VOLUSIA, Plaintiff has suffered damages, which include bodily injury and resulting physical pain and suffering, inconvenience, discomfort and disability, disfigurement, medical care, treatment and expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and loss of capacity to enjoy life - in the past and continuing into the future, wage loss and diminished earning capacity.

WHEREFORE, Plaintiff, THOMAS McCRODEN, respectfully requests this Court enter judgment against Defendant COUNTY OF VOLUSIA for compensatory damages, special damages, costs and such other and further relief as this Court deems just and proper and demands trial by jury of all issues triable as a matter of right by jury.

### COUNT IV – BATTERY/UNNECESSARY USE OF FORCE (DEFENDANT BRESSETT)

49. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

50. This is an action for battery against Defendant BRESSETT and for damages.

51. On or about July 2, 2010, Defendant BRESSETT unlawfully touched, struck, and battered Plaintiff against the will of Plaintiff and without Plaintiff's consent.

Defendant BRESSETT violently and forcibly grabbed Plaintiff, initiated a straight arm bar takedown on his left arm, precluded Plaintiff from protecting himself or breaking his fall, tripped him and body slammed him onto a concrete floor, causing great suffering and injury to Plaintiff.

52. The conduct of Defendant BRESSETT towards Plaintiff, as more fully set forth above, constitutes battery and the unnecessary use of force.

53. The amount of force used by Defendant BRESSETT against Plaintiff was unreasonable and unnecessary for Defendant BRESSETT to defend himself, or any other person, from bodily harm during the examination of Plaintiff at the VCBJ intake hall.

54. The unreasonable and unnecessary use of force by Defendant BRESSETT was excessive and objectively unreasonable under the circumstances, and resulted, as BRESSETT reasonably should have foreseen, in a harmful and offensive contact of Plaintiff against his will.

55. Alternatively to the allegations set forth in Count III, if the battery/unnecessary use of force by Defendant BRESSETT was not committed during the course and scope of his employment for Defendant COUNTY OF VOLUSIA, or was committed by BRESSETT in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, then Defendant BRESSETT is liable for the battery/unnecessary use of force committed by him in his individual capacity.

56. As a direct and proximate result of the conduct of Defendant BRESSETT, Plaintiff has suffered damages, which include bodily injury and resulting physical pain

and suffering, inconvenience, discomfort and disability, disfigurement, medical care, treatment and expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and loss of capacity to enjoy life - in the past and continuing into the future, wage loss and diminished earning capacity.

WHEREFORE, Plaintiff, THOMAS McCRODEN, respectfully requests this Court enter judgment against Defendant JOEL V. BRESSETT, in his individual capacity, for compensatory damages, special damages, costs and such other and further relief as this Court deems just and proper and demands trial by jury of all issues triable as a matter of right by jury.

### COUNT V – BATTERY/UNNECESSARY USE OF FORCE (DEFENDANT PAINTER)

57. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

58. This is an action for battery against Defendant PAINTER and for damages.

59. On or about July 2, 2010, Defendant PAINTER unlawfully touched, struck, and battered Plaintiff against the will of Plaintiff and without Plaintiff's consent. Defendant PAINTER violently and forcibly grabbed Plaintiff, initiated a straight arm bar takedown on his left arm, precluded Plaintiff from protecting himself or breaking his fall, tripped him and body slammed him onto a concrete floor, causing great suffering and injury to Plaintiff.

60. The conduct of Defendant PAINTER towards Plaintiff, as more fully set forth above, constitutes battery and the unnecessary use of force.

61. The amount of force used by Defendant PAINTER against Plaintiff was unreasonable and unnecessary for PAINTER to defend himself, or any other person, from bodily harm during the examination of Plaintiff at the VCBJ intake hall.

62. The unreasonable and unnecessary use of force by Defendant PAINTER was excessive and objectively unreasonable under the circumstances, and resulted, as PAINTER reasonably should have foreseen, in a harmful and offensive contact of Plaintiff against his will.

63. Alternatively to the allegations set forth in Count III, if the battery/unnecessary use of force by Defendant PAINTER was not committed during the course and scope of his employment for Defendant COUNTY OF VOLUSIA, or was committed by PAINTER in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, then Defendant PAINTER is liable for the battery/unnecessary use of force committed by him in his individual capacity.

64. As a direct and proximate result of the conduct of Defendant PAINTER, Plaintiff has suffered damages, which include bodily injury and resulting physical pain and suffering, inconvenience, discomfort and disability, disfigurement, medical care, treatment and expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and loss of capacity to enjoy life - in the past and continuing into the future, wage loss and diminished earning capacity.

WHEREFORE, Plaintiff, THOMAS McCRODEN, respectfully requests this Court enter judgment against Defendant DENNIS. D. PAINTER, in his individual

capacity, for compensatory damages, special damages, costs and such other and further relief as this Court deems just and proper and demands trial by jury of all issues triable as a matter of right by jury.

## COUNT VI – VIOLATION OF 42 U.S.C. § 1983
## (DELIBERATE INDIFFERENCE - DEFENDANT BRESSETT)

65. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

66. This is an action against the Defendant BRESSETT pursuant to 42 U.S.C. 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical needs of Plaintiff, an individual suffering from obvious, acute medical injury that required immediate and appropriate care, treatment, assessment, intervention, referral, medication and attention to prevent substantial physical harm.

67. On or about July 2, 2010, at approximately 2 a.m., Defendant BRESSETT grabbed Plaintiff, tripped Plaintiff and slammed Plaintiff to a concrete floor without cause or justification, severely fracturing Plaintiff's left hip. Defendant BRESSETT, along with other DOC officers, pinned Plaintiff's body to the ground, applied restraints to his wrists and ankles, lifted Plaintiff into a Pro-Straint chair, strapped him into the Pro-Straint chair - including a waist belt across Plaintiff's fractured left hip - and left him facing a wall. Defendant BRESSETT ignored Plaintiff's complaints of pain to the left hip, taunted Plaintiff and left Plaintiff restrained in the Pro-Straint chair until he passed out from the excruciating pain.

68. At approximately 3:05 a.m. Plaintiff was removed from the Pro-Straint

chair and put in a jail cell.

69. After continually complaining of pain to the left hip, at approximately 4:45 a.m., Plaintiff was taken to the VCBJ medical clinic where he was examined. EVAC was called and, at approximately 5:45 a.m., Plaintiff was transported to the Halifax Medical Center Emergency Room.

70. Upon examination in the Emergency Room Trauma Center it was determined Plaintiff suffered a left hip dislocation with severe acetabular fracture, but due to the delay in treatment and resulting excessive internal bleeding, surgery could not be performed. Surgery was performed days later. The delay in providing needed medical treatment exacerbated Plaintiff's injuries.

71. Defendant BRESETT knew or should have known immediately they had fractured Plaintiff's hip and that if left untreated would cause serious irreparable harm.

72. Defendant BRESETT had the authority and ability to obtain immediate medical care and treatment for Plaintiff.

73. Defendant BRESETT was deliberately indifferent to and/or acted with callous/reckless disregard for Plaintiff's medical needs in failing and/or refusing to provide the necessary medical care, assessment, evaluation, intervention, referral and treatment.

74. Defendant BRESETT knew or should have known that using the types and the amount of force described herein and/or authorizing and/or acquiescing in the types and amount of force used on Plaintiff and taking no action and acting with deliberate indifference to Plaintiff's rights and serious medical needs, could and would result in the

15

rapid and permanent deterioration of Plaintiff's injuries.

75. As a direct and proximate result of the conduct of Defendant BRESETT in denying Plaintiff necessary medical care, assessment, evaluation, intervention, referral and treatment, Plaintiff has suffered damages, which include physical pain, suffering, inconvenience, discomfort and disability, medical care, treatment and expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and loss of capacity to enjoy life - in the past and continuing into the future, wage loss and diminished earning capacity.

76. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant BRESSETT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, Plaintiff, THOMAS McCRODEN, respectfully requests this Court enter judgment against Defendant JOEL V. BRESSETT, in his individual capacity, for compensatory damages, special damages, attorneys' fees, costs and such other and further relief as this Court deems just and proper and demands trial by jury of all issues triable as a matter of right by jury.

### COUNT VII – VIOLATION OF 42 U.S.C. § 1983
### (DELIBERATE INDIFFERENCE - DEFENDANT PAINTER)

77. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

78. This is an action against the Defendant PAINTER pursuant to 42 U.S.C. 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and

critical medical needs of Plaintiff, an individual suffering from obvious, acute medical injury that required immediate and appropriate care, treatment, assessment, intervention, referral, medication and attention to prevent substantial physical harm.

79. On or about July 2, 2010, at approximately 2 a.m., Defendant PAINTER grabbed Plaintiff, tripped Plaintiff and slammed Plaintiff to a concrete floor without cause or justification, severely fracturing Plaintiff's left hip. Defendant PAINTER, along with other DOC officers, pinned Plaintiff's body to the ground, applied restraints to his wrists and ankles, lifted Plaintiff into a Pro-Straint chair, strapped him into the Pro-Straint chair - including a waist belt across Plaintiff's fractured left hip - and left him facing a wall. Defendant PAINTER ignored Plaintiff's complaints of pain to the left hip, taunted Plaintiff and left Plaintiff restrained in the Pro-Straint chair until he passed out from the excruciating pain.

80. At approximately 3:05 a.m. Plaintiff was removed from the Pro-Straint chair and put in a jail cell.

81. After continually complaining of pain to the left hip, at approximately 4:45 a.m., Plaintiff was taken to the VCBJ medical clinic where he was examined. EVAC was called and, at approximately 5:45 a.m., Plaintiff was transported to the Halifax Medical Center Emergency Room.

82. Upon examination in the Emergency Room Trauma Center it was determined Plaintiff suffered a left hip dislocation with severe acetabular fracture, but due to the delay in treatment and resulting excessive internal bleeding, surgery could not be performed. Surgery was performed days later. The delay in providing needed medical

17

treatment exacerbated Plaintiff's injuries.

83. Defendant PAINTER knew or should have known immediately they had fractured Plaintiff's hip and that if left untreated would cause serious irreparable harm.

84. Defendant PAINTER had the authority and ability to obtain immediate medical care and treatment for Plaintiff.

85. Defendant PAINTER was deliberately indifferent to and/or acted with callous/reckless disregard for Plaintiff's medical needs in failing and/or refusing to provide the necessary medical care, assessment, evaluation, intervention, referral and treatment.

86. Defendant PAINTER knew or should have known that using the types and the amount of force described herein and/or authorizing and/or acquiescing in the types and amount of force used on Plaintiff and taking no action and acting with deliberate indifference to Plaintiff's rights and serious medical needs, could and would result in the rapid and permanent deterioration of Plaintiff's injuries.

87. As a direct and proximate result of the conduct of Defendant PAINTER in denying Plaintiff necessary medical care, assessment, evaluation, intervention, referral and treatment, Plaintiff has suffered damages, which include physical pain, suffering, inconvenience, discomfort and disability, medical care, treatment and expenses, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and loss of capacity to enjoy life - in the past and continuing into the future, wage loss and diminished earning capacity.

88. Plaintiff has retained the undersigned counsel to bring this action under 42

U.S.C. §1983 and is entitled to recover from Defendant PAINTER a reasonable fee for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, Plaintiff, THOMAS McCRODEN, respectfully requests this Court enter judgment against Defendant DENNIS D. PAINTER, in his individual capacity, for compensatory damages, special damages, attorneys' fees, costs and such other and further relief as this Court deems just and proper and demands trial by jury of all issues triable as a matter of right by jury.

    DAVID A. VUKELJA, P.A.

    /s/ David A. Vukelja_____
    DAVID A. VUKELJA, ESQUIRE
    Florida Bar Number 276618
    JARETT A. de PAULA, ESQUIRE
    Florida Bar Number 0050316
    595 W. Granada Boulevard, Suite L
    Ormond Beach, Florida 32174
    Telephone: 386-676-5678
    Facsimile: 386-256-4843
    E-mail: DAVukelja@vukeljalaw.com
    E-mail: jdepaula@vuklejalaw.com
    Attorneys for Plaintiff, Thomas McCroden

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and forwarded a true and correct copy of the foregoing by E-mail to Arthur U. Graham, Esquire (agraham@volusia.org and mgallas@volusia.org) and Kevin Bledsoe, Esquire (kbledsoe@smithschoder.com and kspellacy@smithschoder.com) this 25th day of November, 2014.

    /s/ David A. Vukelja_____
    DAVID A. VUKELJA, ESQUIRE